UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM T. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:19-CV-01863-NCC** |
| | ) | |
| **ANDREW M. SAUL,** | ) | |
| **Commissioner of Social Security** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision

of the Commissioner denying the application of William T. Smith ("Plaintiff") for Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*

Plaintiff has filed a brief in support of the Complaint (Doc. 15), Defendant has filed a brief in

support of the Answer (Doc. 16), and Plaintiff has filed a reply brief (Doc. 17).  The parties have

consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title

28 U.S.C. § 636(c) (Doc. 9).

**I. PROCEDURAL HISTORY**

Plaintiff filed his application for DIB on February 7, 2017 (Tr. 127-28).  Plaintiff was

initially denied on April 10, 2017, and he filed a Request for Hearing before an Administrative

Law Judge ("ALJ") (Tr. 49, 68-69).  After a hearing, by decision dated November 19, 2018, the

ALJ found Plaintiff not disabled (Tr. 7-18).  On May 23, 2019, the Appeals Council denied

Plaintiff's request for review (Tr. 1-6).  As such, the ALJ's decision stands as the final decision

of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2017, and that Plaintiff did not engage in substantial gainful activity since December 7, 2011, the alleged onset date (Tr. 12).  The ALJ found Plaintiff has the medically determinable impairments of skin cancer basal cell, diabetes mellitus type 2, obesity, hypertension, and hyperlipidemia (*Id.*).  The ALJ determined that Plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for 12 consecutive months (Tr. 12-13).  Therefore, the ALJ found Plaintiff did not have a severe impairment or combination of impairments (Tr. 12-15).  Thus, the ALJ concluded that Plaintiff was not under a disability at any time from December 7, 2011, the alleged onset date, through June 30, 2017, the date last insured (Tr. 15).

## III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled.  20 C.F.R. §§ 416.920, 404.1529.  "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled."  *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)).  In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits.  20 C.F.R. §§ 416.920(b), 404.1520(b).  Second, the claimant must have a severe impairment.  20 C.F.R. §§ 416.920(c), 404.1520(c).  The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ."  *Id.*  "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments

would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations.  20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history.  *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work.  20 C.F.R. §§ 416.920(f), 404.1520(f).  The burden rests with the claimant at this fourth step to establish his or her RFC.  *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled.").  The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past.  20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work.  20 C.F.R. §§ 416.920(g), 404.1520(g).  At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC.  *Steed*, 524 F.3d at 874 n.3.  If the claimant meets these standards, the ALJ will find the claimant to be disabled.  "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at

step five.").  Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence.  *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984).  "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).  *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo.  *Id.*  Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion.  *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)).  Weighing the evidence is a function of the ALJ, who is the fact-finder.  *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004).  Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently.  *Krogmeier*, 294 F.3d at 1022.

## IV. DISCUSSION

In his appeal of the Commissioner's decision, Plaintiff asserts that the ALJ's determination that Plaintiff does not have any severe impairments is not supported by substantial evidence (Doc. 15 at 1).  Specifically, Plaintiff argues that the ALJ's determination is contradicted by her statement that Plaintiff's "obesity significantly limits his ability to engage in work activity" (*Id.* at 4-5).  Plaintiff further asserts that in addition to his obesity, his other impairments satisfy the regulatory criteria of severe (*Id.* at 5-8).  For the following reasons, the

Court finds that Plaintiff's arguments are without merit, and that the ALJ's decision is based on substantial evidence and is consistent with the Regulations and case law.

At step two of the sequential analysis, the ALJ determines whether a claimant has a "severe impairment." 20 C.F.R. § 404.1520(c). "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521. While a claimant has the burden of showing a severe impairment that severely limits his physical or mental ability to perform basic work activities, the burden "is not great" and "[t]he sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or her] ability to work." *Caviness*, 250 F.3d at 605. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b).

First, Plaintiff asserts that the ALJ failed in finding his obesity not to be a severe impairment (Doc. 15 at 4-5). Specifically, Plaintiff argues that the ALJ's determination is contradicted by her statement that this impairment significantly limits his ability to engage in work activity (*Id.*). Indeed, the ALJ specifically indicated that she considered Plaintiff's obesity pursuant to Social Security Ruling ("SSR") 02-1p, 2002 WL 34686281 (Sept. 12, 2002)[1] and determined, "[t]he undersigned identifies substantial medical evidence in support of a finding that the [Plaintiff's] obesity significantly limits his ability to engage in work activity" (Tr. 15). In the next sentence, the ALJ stated, "[t]he conclusion that [Plaintiff] does not have an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities is consistent with the objective medical evidence and other evidence" (*Id.*).

---

[1] As indicated by Defendant, SSR 02-1p was rescinded and replaced by SSR 19-2p, effective May 20, 2019. However, because Plaintiff filed his application on February 7, 2017, SSR 02-1p applies to his case. *See* SSR 19-2p, 2019 WL 2374244, at *5 n.14 (May 20, 2019).

The Court finds the ALJ's determination that Plaintiff's obesity is not a severe impairment to be supported by substantial evidence.  Defendant concedes that the ALJ appears to have made inconsistent statements regarding the severity of Plaintiff's obesity but suggests the ALJ "made a clerical or typographical error when suggesting that Plaintiff's obesity was a severe impairment" (Doc. 16 at 5).  "[A] deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case."  *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999).  Although the ALJ's opinion is perhaps inartfully worded, a full and thorough review of the record indicates that her determination is supported by substantial evidence as the clinical findings from the period were largely normal.  As it specifically relates to Plaintiff's obesity and any potential physical symptoms resulting from his obesity, Dr. Michael Adams, D.O. ("Dr. Adams"), Plaintiff's primary care physician, found no tenderness, instability, crepitus, decreased range of motion, muscle atrophy, abnormal strength, or gross deficits in his musculoskeletal system (Tr. 255, 272-73, 287, 298-99, 320-21).  Dr. Adams further indicated that Plaint had normal gait and station (Tr. 255, 273, 299, 321).  "There is no specific level of weight or BMI that equates with a 'severe' or a 'not severe' impairment."  SSR 02-1P, 2002 WL 34686281, at *4.  "[M]erely being obese is insufficient for an ALJ to find that [Plaintiff's] obesity is a severe impairment." *Calhoun v. Astrue*, No. 1:10CV186MLM, 2012 WL 718622, at *14 (E.D. Mo. Mar. 6, 2012) (citing SSR 02-01p).  Indeed, Plaintiff's only treatment for his obesity consisted of recommendations from his primary care physician to eat healthier and regularly exercise (Tr. 14, 256, 258, 266, 274, 282, 300, 305, 309-10, 314-15, 396, 416).  "[A] physician's unrestricted recommendations to increase physical exercise are inconsistent with a claim of physical limitations."  *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013).  *See also Hovis v. Colvin*, No.

1:15 CV 73 JMB, 2016 WL 4158867, at *11 (E.D. Mo. Aug. 5, 2016) (finding plaintiff's obesity

non-severe in part because plaintiff's physician did not impose any functional limitations but

instead, encouraged plaintiff to diet and exercise).  Further, Plaintiff does not indicate that his

obesity causes any work restrictions (*See* Tr. 24-48).  *See, e.g.,* 252 (Plaintiff presented for

preventive medicine and indicated that he feels good with no major complaints).  In fact, in his

March 1, 2017 function report, while Plaintiff reported that he has problems with his legs and

feet, he also indicated that he helps care for his mother, has no problem with his personal care,

and does house work including the dishes, laundry, and vacuuming (Tr. 153-60).  Thus, the ALJ

properly determined that Plaintiff's obesity is not a severe impairment as does not significantly

limit Plaintiff's ability to perform basic work activities.

Next, Plaintiff asserts that his other impairments satisfy the regulatory criteria of severe

(Doc. 15 at 5-8).  In addition to obesity, Plaintiff claims to be disabled due to basal cell

carcinoma, diabetes, hypertension, high cholesterol, pain, and fatigue (Tr. 144).  Plaintiff argues

that his impairments "result in inability to tolerate the standing and walking necessary to perform

his past job and any other work at light exertional, medium exertional, and heavier occupational

levels" (Doc. 15 at 6).

The Court finds the ALJ's determination that Plaintiff's other impairments are not severe

impairments to be supported by substantial evidence.  The ALJ found Plaintiff to have the

medically determinable impairments of skin cancer basal cell, diabetes mellitus type 2,

hypertension, and hyperlipidemia in addition to Plaintiff's obesity (Tr. 12).  The ALJ further

found these other impairments not to be severe (Tr. 12-13).  In doing so, the ALJ conducted a

thorough analysis of the limited medical record and found that these impairments did not

significantly limit Plaintiff's ability to perform basic work activities (Tr. 14-15).  Indeed, as

detailed by the ALJ, Plaintiff underwent the removal of basal cell carcinoma posterior to his right ear during an office visit under local anesthetic in December 2017 (Tr. 14, 408-09, 431-38). Plaintiff "tolerated [the] procedure well" and pathology noted the basal cell carcinoma margins were clear (Tr. 14, 408-09, 414, 418-19, 421).  Plaintiff does not appear to have received any additional treatment for his skin cancer and he did not testify to any work limitations caused by it (Tr. 14, 24-48).  Similarly, Plaintiff did not testify to any limitations from his hypertension or hyperlipidemia (Tr. 15, 24-48).  The record indicates that Plaintiff's treatment for these conditions was conservative in nature, consisting only of medication management (Tr. 15, 336). Plaintiff did not complain of any further complications resulting from these impairments and, as addressed above, his physical examinations were largely normal (Tr. 15, 24-48).  Plaintiff's diabetes also appears well-controlled as Plaintiff was not prescribed insulin nor did he routinely monitor his glucose levels (Tr. 15, 146-47, 245, 348-68).  Indeed, Dr. Adams often described Plaintiff's diabetes as "uncomplicated" (Tr. 240, 255, 261, 273, 282, 288, 290, 304).  Finally, to the extent Plaintiff appears to challenge the ALJ's determination of Plaintiff's medically determinable impairments, the Court finds this argument unavailing in light of the previously addressed unremarkable medical record.  Thus, the ALJ properly determined that Plaintiff's other impairments are not severe impairments as these impairments do not significantly limit Plaintiff's ability to perform basic work activities.

## V. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED**, with prejudice.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 8th day of June, 2020.

        /s/ Noelle C. Collins

NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

9